IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-00337-CNS

M.E.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY,

    Defendant.

---

# ORDER

---

    Plaintiff M.E.[1] seeks disability insurance benefits under Title II and supplemental security income under Title XVI under the Social Security Act for a number of mental and physical impairments: history of mandibular condyle fracture, cervical spine degenerative disc disease, hernia, chronic obstructive pulmonary disease (COPD)/asthma, alcohol abuse disorder in reported remission, hypertension, and schizoaffective disorder (ECF No. 17 at 5). M.E. filed this lawsuit for judicial review of the final decision by the Social Security Administration Commissioner (the Commissioner) denying his benefits claim. Exercising jurisdiction under 42 U.S.C. § 405(g), the Court REVERSES the Commissioner's denial of benefits, and REMANDS for further analysis.

---

[1] Pursuant to D.C.COLO.L.APR 5.2(b), Plaintiff M.E. is identified by his initials only.

1

## I.  BACKGROUND

A brief summary of the relevant background facts suffices.  M.E. was born on April 27, 1962 (*see* Administrative Record (A.R. at 29)).  M.E. has been seen by several physicians and medical professionals for health issues related to his diagnoses, injuries related to his alcohol abuse disorder, and has taken several medications throughout the years for his medical conditions.  Of particular note, M.E. lived for a time in a supportive living environment that is operated by the Mental Health Center of Denver (MHCD).  At the time of the hearing, M.E. was living with his girlfriend in another MHCD-owned building and had interaction with a treatment team every day (*id.* 80-82, 93).  M.E. was prescribed Seroquel to treat schizophrenia, as well as Albuterol (a bronchodilator), Ibuprofen, and Lisinopril (for high blood pressure) (*id.* at 1011, 1433-36).

In September 2017, M.E. underwent a psychological examination with Frederick G. Leidal, Psy.D. (*id.* at 1011-16).  Dr. Leidal also reviewed a report from MHCD that noted that M.E. presented symptoms of depression, anxiety, and psychosis and was diagnosed with Schizoaffective Disorder and severe alcoholism (*id*. at 1011).  Dr. Leidal determined that M.E.'s intelligence appeared to be low average with a General Disability Score in the "moderately impaired range due to chronic alcohol abuse" and concluded that M.E. did not "meet criteria for Schizoaffective Disorder" (*id.* at 1015).  On July 18, 2018, M.E. underwent a medical examination by the Colorado Department of Human Services for the Aid to the Needy Disabled (AND) program (*id.* at 1017).  An advanced practice nurse determined that M.E. was totally and permanently disabled due to, in part, a mental or cognitive disorder such as schizophrenia, affective disorders, personality disorders, developmental disabilities, or substance abuse (*id*.).

M.E. filed his applications for Disability Insurance Benefits (DIB) on March 14, 2017, and Supplemental Security Income (SSI) on July 12, 2017 (*id.* at 15, 305-314). M.E. alleged a disability onset date of September 30, 2016 (*id.* at 15). M.E.'s application was initially denied in April 2019; however, the Appeals Council granted his request for review and remanded his case back to the ALJ (*id.* at 15). A second hearing was held on May 18, 2020, and the ALJ again denied M.E.'s application in 2020 (*id*. at 15-31). M.E. requested reconsideration of his application, which was denied by the Social Security Administration in December 2020 (*id.* at 1-5).

M.E. timely sought review in this Court (ECF No. 1). M.E. raises two arguments on appeal: (1) the ALJ erred by failing to evaluate all of M.E.'s medically determinable impairments as well as the combined effect of all his impairments, and (2) the ALJ erred by failing to explain how M.E.'s mental limitations equated to his ability to perform work on a substantial basis (ECF No. 17 at 8-14). The Court will begin its analysis with issue two infra.

## II.  LEGAL STANDARD AND STANDARD OF REVIEW

An individual is disabled under the Social Security Act if they are unable to do "any substantial gainful activity" due to any medically determinable physical and/or mental impairment that can be expected "to last for a continuous period of not less than 12 months." *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). An individual bears the initial burden of establishing their disability. *See id.* at 1062. To determine whether an individual is disabled, courts use a five-step, sequential analysis that considers whether the individual:

(1) is currently engaged in "substantial gainful activity";

(2) has a "severe" impairment or impairments;

(3) the impairment or impairments equals one of the impairments listed
    in the appendix of the relevant disability regulation;

3

    (4) the impairment or impairments prevent the individual from doing their past work; and

    (5) has the "residual functional capacity" to perform other work in the national economy

*Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) (citing 20 C.F.R. § 404.1520(a)(4)). If Plaintiff "is not considered disabled at step three, but has satisfied their burden at steps one, two, and four, the burden shifts to the Commissioner" to show Plaintiff has the residual functional capacity (RFC) to perform other work in the national economy while considering their age, education, and work experience. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

    The Court reviews the Social Security Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See, e.g.*, *Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence" is evidence that is sufficient, based on the entire record, to support the ALJ's factual determinations. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2022). A district court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," but will "not reweigh the evidence or retry the case." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). The threshold for this "evidentiary sufficiency is not high," and requires only enough evidence that a reasonable person might accept as adequate to support the ALJ's decision. *Id.* Nonetheless, a decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotations omitted).

### III.  ANALYSIS

Having reviewed the administrative record, the parties' briefs, and relevant legal authority, the Court reverses the Commissioner's denial of benefits and remands for further analysis.

### A.   Inconsistency Between the RFC Finding and Occupations Proposed

The Court reviews the ALJ's decision to determine whether it is free from legal error and supported by substantial evidence. *See Pisciotta*, 500 F.3d at 1075. A person is not disabled if they have an RFC that permits them to do other work in the national economy. *See, e.g.*, *Fischer-Ross*, 431 F.3d at 731; *see also* 20 C.F.R. § 404.1520(g)(1)).  M.E. contends that the ALJ erred at step five in the determination that M.E. could perform other work in the national economy with "moderate limitations" in the areas of "understanding, remembering, or applying information"; "interacting with others"; "concentrating, persisting, or maintaining pace"; and "adapting or managing oneself" (A.R. at 19).  In particular, the ALJ determined, based on the entire record, that:

> due to the claimant's mental impairments, the claimant is limited to unskilled work with no public interaction and only occasional interaction with coworkers and supervisors. This decision is supported by the opinions of the state agency psychological consultants who opined that the claimant is capable of *simple instructions*.

(*Id.* at 29) (emphasis added).[2]  The ALJ further determined that M.E.

> can understand, remember, and carry out instructions that can be learned in up to and including 30 days of on-the-job training. He can keep pace to complete tasks and meet quotas typically found in unskilled work. The claimant can have superficial, indirect interaction with the public. He can occasionally interact with coworkers and supervisors.

---

[2] The ALJ also determined that M.E. had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following limitations: lift/carry 20 pounds frequently and 30 pounds occasionally; sit about six hours and stand/walk about six hours during an eight-hour workday; can never climb ladders, ropes, or scaffolds; can occasionally stoop and crouch; and cannot use moving, hazardous machinery and cannot have exposure to unprotected heights (A.R. at 20).

5

(*Id*. at 20).  However, the vocational expert (VE) testified that, and the ALJ concluded that, M.E. could perform the requirements of representative occupations such as:

> Hand Packager, DOT #920.587-018, a medium job with an SVP level of 2 with about 72,500 jobs in the national economy;
>
> Machine Operator, DOT #920.680-785,[3] a medium job with an SVP level of 2 with about 110,500 jobs in the national economy; and
>
> Laundry Worker, DOT #361.685-018, a medium job with an SVP level of 2 with about 124,500 jobs in the national economy.

(*Id*. at 30); *see* DOT 920.587-018, 1991 WL 687916 (Packager, Hand); DOT 920.685-078, 1991 WL 687942 (Packager, Machine); DOT 361.685-018, 1991 WL 672987 (Laundry Worker II). These jobs have a reasoning level of 2.

The Court finds that the ALJ erred because the ALJ failed to explain how the ability to follow simple instructions corresponded to the ability to perform jobs requiring level-two reasoning.  *See Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016).  Indeed, level-two reasoning requires "enough understanding to carry out detailed but uninvolved instructions," whereas level-one reasoning requires "only the ability to carry out simple one- or two-step instructions."  *Id.*  Accordingly, the ALJ is required to investigate and provide a reasonable explanation for the conflict between the Dictionary of Occupational Titles (DOT) and the VE's testimony before finding, based on substantial evidence, that the claimant is not disabled.  *Id.*

While the Tenth Circuit has not directly answered the question as to whether the RFC limitation to "simple" tasks or instructions corresponds with jobs requiring level-two reasoning,

---

[3] This particular occupation does not appear in the Dictionary of Occupational Titles (DOT).  The Court assumes that the ALJ intended to list the job Machine Packager, 920.685-078.

6

the Tenth Circuit's decision in *Paulek* approvingly cited *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997), wherein the Eighth Circuit held that a limitation to simple instructions is not consistent with level-two reasoning. 662 F. App'x at 594.  Further, the Fourth Circuit, in *Keller v. Berryhill*, held that an RFC limitation to "simple" tasks and instructions "falls somewhere between Levels 1 and 2." *Keller v. Berryhill*, 754 F. App'x 193, 197 (4th Cir. 2018). As previously stated, the burden of explaining the inconsistency between the plain language of the reasoning level and the RFC limitation falls to the ALJ. *Id.*; *see also Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005).

Moreover, several decisions within the U.S. District Court for the District of Colorado support the conclusion that there is an inconsistency between the limitation to "simple" tasks or instructions and jobs that require level-two reasoning.  *See C.K.D. v. Kijakazi*, No. 21-CV-02155-NYW, 2022 WL 4290472, at *1 (D. Colo. Sept. 16, 2022); *M.D. v. Kijakazi*, No. 21-CV-01963-NYW, 2022 WL 3227621, at *1 (D. Colo. Aug. 10, 2022); *C.H.C. v. Comm'r, Soc. Sec. Admin.*, No. 20-CV-02428-KLM, 2022 WL 950433, at *1 (D. Colo. Mar. 29, 2022).  The Court finds such analysis persuasive and adopts the reasoning from these cases.

Finally, there also appears to be a discrepancy between the language of the level-two reasoning guideline and the RFC limitation to completing "simple" tasks and understanding "simple" instructions.  *M.D.*, 2022 WL 3227621 at *13. This inconsistency between the language of the level-two reasoning guideline and the RFC limitation requires an explanation from the ALJ or VE.  *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999).  Because the ALJ failed to elicit an explanation from the VE for the clear conflict between the language of the level-two reasoning guideline and the RFC limitation, the case should be remanded. *See Paulek*, 662 F.

App'x at 594; *M.D.*, 2022 WL 3227621 at *13; *C.H.C.*, 2022 WL 950433 at *9; *C.K.D.*, 2022 WL 4290472 at *6-7.

### B.  Remaining Claims

The Court must stop its analysis at this point because the remaining arguments raised in M.E.'s briefing "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). On remand, the ALJ is directed to consider the remaining issues raised in M.E.'s briefing and to modify the decision if appropriate.

### IV.  CONCLUSION

For the reasons set forth above, the Court REVERSES the Commissioner's decision denying M.E. applications for DIB and SSI, and REMANDS for further proceedings consistent with this Order.

DATED this 29th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge